**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **ONTEL PRODUCTS CORPORATION,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 6:23-cv-00469** |
| **v.** | |
| **BIG 5 SPORTING GOODS CORP.,** | **JURY TRIAL REQUESTED** |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT AND OTHER RELIEF**

Plaintiff Ontel Products Corporation ("Ontel"), by its undersigned attorneys, files this Complaint against Big 5 Sporting Goods Corp. ("Big 5"). In support, Ontel alleges as follows:

**I.   INTRODUCTION AND REQUESTED RELIEF**

1.   This case arises out of the unauthorized use and infringement of Ontel's copyright, trademark, and patents for its popular and best-selling evaporative air-cooling products, offered under the ARCTIC AIR® ULTRA trademark, the ARCTIC AIR PURE CHILL® trademark, and the ARCTIC AIR® ADVANCED trademark (hereinafter, "Arctic Air® Ultra product" or "Arctic Air Pure Chill® product" or "Arctic Air® Advanced product," respectively, and collectively, "Arctic Air® Products").

2.   In violation of federal and state law and in order to capitalize on the clear success of the Arctic Air® Products, Defendant is promoting and selling a clearly infringing version of Ontel's Arctic Air® Products under the name Polar Chill Air Cooler ("Polar Chill").

3.   Ontel and Big 5 had a business relationship that began as early as 2008, whereby Big 5 would purchase products from Ontel for distribution to the general public via Big 5's retail and online stores.

4.      Throughout the business relationship between Ontel and Big 5, Big 5 purchased millions of dollars in product from Ontel, including product units from popular Ontel brands Iron Gym®, Magic Tracks®, Chill Chest®, Dream Tents®, and Foot Angel®.

5.      Product units were often purchased by Big 5 after negotiations between a Big 5 buyer and an Ontel sales representative – many of which commenced after Big 5's review of a product presentation, Ontel's dissemination of confidential, competitive information about its promotional plans for a particular campaign, and corresponding product samples. In or about February 2021, Big 5 and Ontel opened negotiations for Big 5's 2021 purchase of Ontel products, including the Arctic Air® Product Lines. In furtherance of those negotiations, per past business practices, Ontel provided Big 5 with non-public, confidential, and competitive information about Ontel's products, including information related to the Arctic Air® brand.

6.      Through this process, Big 5 obtained sample Ontel products, including the Arctic Air Pure Chill® product. Big 5 also obtained access to additional non-public, commercially sensitive information concerning pricing and marketing that Ontel does not provide to its competitors during the aforementioned process. After receiving this commercially sensitive information, Big 5 terminated negotiations with Ontel for the 2021 products in the Arctic Air® Product Lines, presumably due to the cost of the Arctic Air® Product Lines featured therein, only to, upon information and belief, use the Arctic Air Pure Chill® sample to develop its own infringing Polar Chill air cooler to undercut Ontel in the market.

7.      Defendant's conduct is directly harming Ontel and consumers as the competing product copies, diminishes the value of, and misappropriates Ontel's valuable intellectual property rights. Defendant's competing product is likely to create a false impression, and/or to deceive consumers into believing that the product is derived from Ontel when there is no connection or

association between the infringing product and Ontel. The harm to Ontel and the general public will continue unless Defendant's conduct is enjoined by this Court.

8.      Upon information and belief, Big 5's infringement was willful. Namely, Big 5, armed with Ontel's sample product, pitch deck, and its commercially sensitive pricing and marketing information, created and now sells a competing and infringing product at a lower cost.

## II.    PARTIES, JURISDICTION, AND VENUE

9.      Plaintiff Ontel is a corporation organized under the laws of the State of New Jersey, having a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

10.     Upon information and belief, Defendant Big 5 is a corporation organized under the laws of the State of Delaware, having a principal place of business at 9813 Dyer Street, Ste. 500, El Paso, Texas 79925.

11.     Jurisdiction and venue are proper in this Court. This Court has personal jurisdiction over Defendant because Defendant purposefully directs its activities toward and avails itself of the privileges offered by the United States, and more particularly the Western District of Texas. Defendant advertises and sells its products to consumers in the United States, and particularly within this jurisdiction. Defendant also advertises and sells its products to consumers out of its Texas retail stores, which are located within this District.

12.     This Court has subject matter jurisdiction by virtue of the fact that this is a civil action under the laws of the United States, namely under the Patent Act, 35 U.S.C. § 1 *et seq*., the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1121. Thus, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

13.     This Court also has pendent subject matter jurisdiction over all remaining claims in accordance with 28 U.S.C. § 1367 as they arise out of the same underlying factual allegations.

14.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(b) because Defendant resides in this District as it has places of business in El Paso, Texas.

### III.   FACTS COMMON TO ALL CLAIMS FOR RELIEF

#### A.   Ontel's Arctic Air® Products

15.   For more than 20 years, Ontel has developed, marketed, and distributed some of the most innovative consumer products on the market, including popular toys, top-selling kitchen utensils, and ground-breaking household items. Ontel's products are sold in nearly every major retail chain in the United States, and in more than 30 countries worldwide.

16.   Among the products developed and/or distributed by Ontel are the Arctic Air®, Arctic Air® Ultra, Arctic Air® Tower, Arctic Air Freedom®, Arctic Air Smart Chill®, Arctic Air® Pocket Chill, Arctic Air® Grip Go™, Arctic Air® Advanced, Arctic Air Chill Zone™, and Arctic Air Pure Chill® (collectively, the "Arctic Air® Product Lines"). The Arctic Air® Product Lines are personal evaporative air coolers that cool the air adjacent to the products.

17.   Ontel first sold its original version of its Arctic Air® Product Lines in the United States at least as early as February 2018, and, since then, expanded its use of the brand to include at least eight additional products within the Arctic Air® Product Lines.

18.   The Arctic Air® Product Lines have become some of Ontel's best-selling product lines in the U.S. and worldwide. Indeed, the Arctic Air® brand has been ranked number one on Amazon.com[1], and products in the Arctic Air® Product Lines, have, at many times, held top 10 spots on Amazon.com in the Portable Air Conditioners category.[2]

---

[1] In the "portable air conditioner" category from 06/01/22 to 08/31/22 in the U.S.

[2] As of June 22, 2023, the Arctic Air Pure Chill® is currently ranked number two in the Portable Air Conditioners category on Amazon.com.

19.    The commercial success of the Arctic Air® Product Lines began with the launch of the original Arctic Air® evaporative air cooler. Further research and development refined the Arctic Air® evaporative air cooler, resulting in Ontel's launch of additional Arctic Air® Products, including the Arctic Air® Ultra product. (A true and accurate copy of images of the Arctic Air® Ultra product and packaging is attached hereto as Exhibit A and incorporated herein by reference.) Exemplary images showing the Arctic Air® Ultra product and packaging are depicted below:



(*See* Exhibit A.)

20.    An additional Arctic Air® Product is the Arctic Air® Advanced product. (A true and accurate copy of images of the Arctic Air® Advanced product and packaging is attached hereto as Exhibit B and incorporated herein by reference.) Exemplary images showing the Arctic Air® Advanced product and packaging are depicted below:



(*See* Exhibit B.)

21.    Another Arctic Air® Product is the Arctic Air Pure Chill®. The Arctic Air Pure Chill® product is often referred to as the "Pure Chill" when marketed to consumers. For example, when Ontel's customers seek to purchase or have questions regarding the Arctic Air Pure Chill® product, customers can go to www.purechilloffer.com and www.purechillfaq.com, respectively. Accordingly, the Arctic Air Pure Chill® product is also known to its customer-base by the shortened "Pure Chill" name. (A true and accurate copy of images of the Arctic Air Pure Chill® product and packaging is attached hereto as Exhibit C and incorporated herein by reference.) Exemplary images showing the Arctic Air Pure Chill® product and packaging are depicted below:



(*See* Exhibit C.)

22.    Ontel's products, including the Arctic Air® Products, are available for purchase at many large retail stores, including Walmart Inc. and Target Corp., and are also available for purchase online through Ontel's website as well as through many authorized sellers.

23.    Ontel's Arctic Air® Product Lines are known to consumers throughout the United States to represent genuine, high-quality goods and are associated with Ontel. Ontel owns the goodwill associated with its intellectual property rights and has invested significant time and resources securing and protecting these rights worldwide.

24.     To that end, Ontel has purchased digital and television media for its Arctic Air®

brand, valued in excess of $30 million ($30,000,000), and as a result, the Arctic Air® brand is one

of the best-selling brands in Ontel's portfolio, having generated more than $250 million

($250,000,000) in sales.

25.     Unfortunately, because of this success, the products in the Arctic Air® Product

Lines are frequently copied and Ontel is forced to expend significant resources combatting

infringing products, as infringers like Defendant try to capitalize on Ontel's success.

**B.     Ontel's Arctic Air® Copyrights**

26.     Ontel is the owner of multiple, valid U.S. copyright registrations associated with

the Arctic Air® Products.

27.     Ontel obtained U.S. Copyright Registration Number VA 2-149-866 on May 8,

2019, for the 2-D Artwork ("Arctic Air® Ultra Packaging").

28.     Ontel obtained U.S. Copyright Registration Number VA 2-213-711 on August 14,

2020, for the 2-D Artwork ("Arctic Air® Advanced Packaging").

29.     Ontel obtained U.S. Copyright Registration Number VA 2-251-440 on April 1,

2021, for the 2-D Artwork ("Arctic Air Pure Chill® Packaging").

30.     Collectively, the Arctic Air® Ultra Packaging, Arctic Air® Advanced Packaging,

and Arctic Air Pure Chill® Packaging are collectively referred to as the "Arctic Air® Products

Packaging," depicted below:







(True and accurate copies of the images of the Arctic Air® Products Packaging and associated copyrights, attached hereto as Exhibit D and incorporated herein by reference.)

31.     The Arctic Air® Products Packaging is also referred to as the "Arctic Air® Copyrighted Works" and Ontel's registered copyrights in the Arctic Air® Copyrighted Works are collectively referred to as the "Arctic Air® Copyrights."

32.     Ontel's Arctic Air® Copyrights are valid and subsisting.

### C.     Ontel's Arctic Air® Patents

33.     As stated above, Ontel's Arctic Air® Products are the result of significant and original features pertaining to both the ornamental design and utility functions of its products for which Ontel sought and obtained protection from the United States Patent and Trademark Office.

Specifically, Ontel has received protection through the issuance of design and utility patents covering the Arctic Air® Products.

34.     Ontel owns U.S. Patent No. RE48,619 (the "Arctic Air® Ultra Design Patent"). (Arctic Air® Ultra Design Patent, attached hereto as Exhibit E and incorporated herein by reference.)

35.     The Arctic Air® Ultra Design Patent was filed on November 30, 2020, issued on July 6, 2021, and is a reissue of Ontel's U.S. Design Patent No. D852,340, which was filed on December 21, 2018.

36.     The Arctic Air® Ultra Design Patent protects the ornamental design for a personal air cooler as exemplarily depicted in the patent figure reproduced below:



(FIG. 1 of the Arctic Air® Ultra Design Patent, *see* Exhibit E.)

37.     Ontel also owns U.S. Patent No. D966,475 and U.S. Patent No. D963,135 (the "Arctic Air® Advanced Design Patents"). (Arctic Air® Advanced Design Patents, attached hereto as Exhibit F and incorporated herein by reference.)

38.     U.S. Patent No. D966,475 was filed on October 28, 2020, and issued on October 11, 2022, and is a continuation of Ontel's U.S. Patent No. D963,135, which was filed on April 22, 2020, and issued on September 6, 2022.

39.     The Arctic Air® Advanced Design Patents protect the ornamental design for personal air coolers as exemplarily depicted in the patent figures reproduced below:



(FIG. 1 of the Arctic Air® Advanced Design Patents, *see* Exhibit F.)

40.     Ontel also owns U.S. Patent No. D978,308 and U.S. Patent No. D967,363 (the "Arctic Air Pure Chill® Design Patents"). (Arctic Air Pure Chill® Design Patents, attached hereto as Exhibit G and incorporated herein by reference.)

41.     U.S. Patent No. D978,308 was filed on September 20, 2022, and issued on February 14, 2023, and is a continuation of Ontel's U.S. Patent No. D967,363, which was filed on April 5, 2021, and issued on October 18, 2022.

42.     The Arctic Air Pure Chill® Design Patents protect the ornamental design for personal air coolers as depicted in the patent figures reproduced below:



(FIG. 1 of the Arctic Air Pure Chill® Design Patents, *see* Exhibit G.)

43.     Ontel also owns U.S. Patent No. 10,712,029 (the "Arctic Air® Utility Patent"). (Arctic Air® Utility Patent, attached hereto as Exhibit H and incorporated herein by reference.)

44.     The Arctic Air® Utility Patent was filed on January 3, 2019, and issued on July 14, 2020.

45.     The Arctic Air® Utility Patent protects functional features of a personal air cooler as described and depicted in the patent, including the system for receiving water, delivering it to air entering the device to cool it and then emitting the cooler air, and as excerpted below:



(FIGS. 5 and 7 of the Arctic Air® Utility Patent, *see* Exhibit H.)

46.     Ontel's Arctic Air® Utility Patent, Arctic Air® Ultra Design Patent, Arctic Air®

Advanced Design Patents, and Arctic Air Pure Chill® Design Patents are collectively referred to

as "Ontel's Asserted Arctic Air® Patents."

**D.     Ontel's Arctic Air Pure Chill® Trademark**

47.     Ontel owns federal trademark registration for "ARCTIC AIR PURE CHILL" as

registered with the United States Patent and Trademark Office (the "Arctic Air Pure Chill® Mark").

(Arctic Air Pure Chill® Mark, attached hereto as Exhibit I and incorporated herein by reference.)

48.     Ontel uses this trademark in connection with the sale of the Arctic Air Pure Chill®

Product.

49.     Ontel's registration for the applicable Arctic Air Pure Chill® Mark is valid and

subsisting and the registration provides *prima facie* evidence of the validity of the mark, Ontel's

ownership of the mark, and Ontel's exclusive right to use the mark in commerce on or in

connection with the goods identified in the registrations.

| Mark | Registration Details | Goods |
|------|---------------------|-------|
| **ARCTIC AIR PURE CHILL** | U.S. Reg. No. 6,821,890<br><br>Reg. Date: 08/16/2022<br><br>Filing Date: 10/12/2020 | Personal portable humidifier and air purifier in the nature of a cooling device; electric fans and electric personal cooling fans. |

50.     Ontel spent significant time, money and resources developing, marketing,

advertising, promoting, and selling the Arctic Air Pure Chill® product in interstate commerce and

accrued substantial and valuable goodwill in the Arctic Air Pure Chill® Mark.

51.     The Arctic Air Pure Chill® Mark is well known and widely recognized by the

consuming public as a designation of source of Ontel's goods.

F.      **Big 5 Received Commercially Sensitive Information From Ontel.**

52.     Defendant Big 5 is a sporting goods retailer that sells outdoor gear, including electronics and accessories – and a former customer of Ontel. Defendant Big 5 employs buyers, who act as authorized agents of Big 5, to purchase products that are sold at Big 5 retail stores and online through Big 5's website.

53.     Acting as Big 5's agent, a buyer made representations to Ontel on or around February 9, 2021, regarding Big 5's interest in entering into a commercial relationship with Ontel to sell products in Ontel's 2021 lineup, including those found in the Arctic Air® Product Lines.

54.     At the time that Big 5 made these representations to Ontel, on information and belief, Big 5 was not selling other competitive evaporating coolers in its stores or online.

55.     On or around February 9, 2021, Ontel provided Big 5 with information regarding Ontel's products, including Ontel's Arctic Air® Product Lines in a slide deck (the "Ontel Slide Deck").

56.     Ontel sent the Ontel Slide Deck to Big 5 for the purpose of entering into a business relationship with Big 5, in anticipation of Big 5's purchase and distribution of the products featured therein. The Ontel Slide Deck included non-public, confidential, and competitive information, from market updates relating to portable air conditioners from Summer 2020 selling trends and the capture of untapped market and marketplace trends for portable air conditioners, to the key facts and driving product features for the Arctic Air® Product Lines featured in the Ontel Slide Deck and the exact cost estimates for the Arctic Air® Product Lines featured therein.

57.     Specifically, on February 9, 2021, Ontel sent Big 5 an e-mail communication in which it attached an Ontel Slide Deck of which Ontel claimed were Ontel's "Top Homerun Items for Spring/Summer 2021," which included a detailed overview of pricing, product specifications,

marketing plans, and intellectual property protection for Ontel's best-selling spring and summer products, including those in the Arctic Air® Product Lines featured therein.

58.     While Ontel is in the practice of sharing such information with prospective and former business partners during good faith business discussions, Ontel does not provide this information to competitors or would-be competitors, nor is such information available to the general public.

59.     At the time of the discussions regarding the sale of Ontel's Arctic Air® Product Lines featured in the Ontel Slide Deck to Big 5, Ontel had a reasonable belief that: (a) Big 5 had the capability to sell Ontel's products, including the Arctic Air® Product Lines, specifically since Big 5 had purchased products from Ontel since as early as 2008; (b) Big 5 would be able to afford to purchase and sell a variety of Ontel's products at Big 5's retail stores; and (c) Big 5 intended to enter into a business relationship with Ontel for the products included in the presented Ontel Slide Deck.

60.     Moreover, on or around February 23, 2021, Ontel conducted a line review of the products in the Ontel Slide Deck with Big 5, namely those in the Arctic Air® Product Lines, and Big 5 requested samples of some of the products mentioned in the Ontel Slide Deck. Big 5 also received a sample of the Arctic Air Pure Chill® product.

61.     After reviewing the Arctic Air Pure Chill® sample and the non-public, commercially sensitive information including the costs associated with the brand, it is Ontel's belief that Big 5 used that information to develop the Infringing Product to directly compete with and undercut Ontel's Arctic Air® Product Lines.

62.     Only after Ontel shared a sample product and its commercially sensitive information with Big 5, and that information was, on information and belief, internally distributed

to others within Big 5, did Big 5 state that Big 5 would not be purchasing any of Ontel's Arctic Air® Product Lines featured in Ontel's 2021 lineup.

**G.    Defendant's Infringement**

63.    Thereafter, Big 5 set out to copy some of Ontel's best-selling products.

64.    Based on the information currently known by Ontel, the following Big 5 website advertises        and        sells        the        following        infringing        product: https://www.big5sportinggoods.com/store/details/polar-chill-air-cooler/2326131012200. (A true and accurate printout of Big 5's website advertising and offering for sale the Polar Chill is attached hereto as Exhibit J and incorporated herein by reference.)

65.    The above-listed website infringes one or more of Ontel's intellectual property rights through the marketing and offering of sale of a product called the "Polar Chill Air Cooler," which misappropriates Ontel's intellectual property rights in its Arctic Air® Products, and associated materials.

66.    As shown below, the Polar Chill infringes on Ontel's intellectual property rights, and more specifically Ontel's Arctic Air® Utility Patent, Ontel's Arctic Air® Ultra Design Patent, Ontel's Arctic Air® Advanced Design Patents, and Ontel's Arctic Air Pure Chill® Design Patents:



(*See* Exhibit J.)

67.     Upon information and belief, on or about May 2022, Big 5 offered for sale and sold the Polar Chill at multiple of its brick-and-mortar retail establishments.

68.     As of May 26, 2023, upon information and belief, the Polar Chill is being offered for sale in Big 5's retail stores in Arizona, California, Colorado, Idaho, Nevada, New Mexico, Oregon, Texas, Utah, Washington, and Wyoming.

69.     On or about June 3, 2023, and May 21, 2023, respectively, consumers left reviews of the Infringing Product on Big 5's website stating the product is a "Piece of junk" and "Doesn't do any cooling at all."

70.     On April 17, 2023, two different Polar Chills were purchased from two different Big 5 retail stores located in Phoenix, Arizona. Photographs of one product and packaging of one purchased Polar Chill product are depicted below ("Infringing Product" and "Infringing Packaging," respectively). (True and accurate copies of pictures of the Infringing Product are attached hereto as Exhibit K and incorporated herein by reference; true and accurate copies of

pictures of the Infringing Packaging are attached hereto as Exhibit L and incorporated herein by reference.)

| Product View | Big 5's Infringing Product |
|---|---|
| Top Front Perspective |  |
| Front View |  |

| Product View | Big 5's Infringing Product |
|---|---|
| Left Side View |  |
| Right Side View |  |
| Back View |  |

| Product View | Big 5's Infringing Product |
|---|---|
| Top View |  |
| Bottom View |  |
| Front with Grill and Filter removed |  |

| Product View | Big 5's Infringing Product |
|---|---|
| Filter |  |

(*See* Exhibit K.)

| Arctic Air® Copyrights | Big 5's Infringing Packaging |
|---|---|
|  | |

| Arctic Air® Copyrights | Big 5's Infringing Packaging |
|---|---|
|  |  |
|  |  |

(*See* Exhibit L.)

71.     The Infringing Product, as shown above, looks and functions in a manner that infringes Ontel's Asserted Arctic Air® Patents.

72.     Upon information and belief, the aforementioned Big 5 website is advertising and offering for sale a Polar Chill that infringes Ontel's Asserted Arctic Air® Patents. Further, upon

information and belief, each of Big 5 retail stores is offering for sale and selling Polar Chill products that infringe Ontel's Asserted Arctic Air® Patents.

73.      Accordingly, Defendant Big 5 is directly liable for its own infringement.

## COUNT I: PATENT INFRINGEMENT
### (Arctic Air® Utility Patent)

74.      Ontel incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

75.      Upon information and belief, Defendant Big 5 had and has knowledge of Ontel's Arctic Air® Utility Patent as of the date it first offered for sale or sold the Infringing Product.

76.      Defendant had actual notice of Ontel's Arctic Air® Utility Patent at least as early as the filing of this Original Complaint.

77.      Ontel marks the Arctic Air® Products as patented pursuant to 35 U.S.C. § 287.

78.      Defendant is directly infringing or inducing infringement of Ontel's Arctic Air® Utility Patent by making, using, offering to sell, selling, or importing into the United States the Infringing Product with knowledge and with the intent that third parties will use the Infringing Product.

79.      Upon information and belief, with knowledge of Ontel's Arctic Air® Utility Patent, Defendant willfully infringed and induced infringement of Ontel's Arctic Air® Utility Patent.

80.      Defendant's listed Infringing Product infringes on Ontel's Arctic Air® Utility Patent.

81.      Defendant is infringing on Ontel's Arctic Air® Utility Patent by marketing, advertising, offering for sale, and/or selling the Polar Chill with knowledge and the intent that third parties will use those products.

82.    Defendant is infringing on one or more claims of the Arctic Air® Utility Patent, including but not limited to independent claims 1 and 16 of the Arctic Air® Utility Patent.

83.    Specifically, independent claim 1 of the Arctic Air® Utility Patent states, in part, "an evaporative air cooler for cooling ambient air, comprising: a housing with a top panel, a bottom panel, and side panels defining an interior of the evaporative air cooler . . . a tank positioned adjacent to the top panel and at least one of the side panels, wherein the tank is configured to receive, store, and release liquid; a misting structure comprising a mister . . . a filter structure with a plurality of filters . . . and a fan configured to draw the ambient air into the evaporative air cooler, wherein the ambient air is cooled by at least one of the mist and the filter structure, and wherein the fan directs the ambient air through the filter structure and out of the evaporative air cooler." (*See* Exhibit H.)

84.    Defendant's Infringing Product, like Claim 1 of the Arctic Air® Utility Patent, similarly features "an evaporative air cooler for cooling ambient air, comprising: a housing with a top panel, a bottom panel, and side panels defining an interior of the evaporative air cooler . . . a tank positioned adjacent to the top panel and at least one of the side panels, wherein the tank is configured to receive, store, and release liquid; a misting structure comprising a mister . . . a filter structure with a plurality of filters . . . and a fan configured to draw the ambient air into the evaporative air cooler, wherein the ambient air is cooled by at least one of the mist and the filter structure, and wherein the fan directs the ambient air through the filter structure and out of the evaporative air cooler," which is demonstrated above. (*See* Exhibit H.)



| Ontel's Arctic Air® Utility Patent Figures | Defendant's Infringing Product |



85.     Relatedly, independent claim 16 of the Arctic Air® Utility Patent states, in part, "an evaporative air cooler for cooling ambient air, comprising a housing . . . a tank . . . a misting structure . . . a filter . . . a fan . . . and a v-shaped shroud positioned underneath the tank and configured to direct the mist toward the filter structure." (*See* Exhibit H).

86.     Likewise, the Infringing Product also features an evaporative air cooler for cooling ambient air, comprising "a housing . . . a tank . . . a misting structure . . . a filter . . . a fan . . . and

a v-shaped shroud positioned underneath the tank and configured to direct the mist toward the filter structure," which is shown above. (*See* Exhibit H.)



| Ontel's Arctic Air® Utility Patent Figure | Defendant's Infringing Product |
|---|---|

FILTER STRUCTURE REMOVED FOR ILLUSTRATIVE PURPOSES

87.     Defendant's infringement was undertaken without permission or license to use Ontel's Arctic Air® Utility Patent and was willful.

88.     Ontel has been damaged as a result of Defendant's infringement as described herein.

89.     Ontel is entitled to and claims all damages allowable by law including adequate compensation for the infringement, costs, interest, attorney fees, and Defendant's profits (for which Ontel demands an equitable accounting).

90.     Ontel further seeks a declaration by the Court that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284 due to Big 5's willful infringement.

## COUNT II: PATENT INFRINGEMENT
### (Artic Air® Ultra Design Patent)

91.     Ontel incorporates all preceding paragraphs of this Complaint as if set fully forth herein.

92.     Upon information and belief, Defendant Big 5 had and has knowledge of Ontel's Arctic Air® Ultra Design Patent as of the date it first offered for sale or sold the Polar Chill product.

93.     Defendant Big 5 had actual notice of Ontel's Arctic Air® Ultra Design Patent at least as early as the filing of this Original Complaint.

94.     Ontel marks its Arctic Air® Products as patented pursuant to 35 U.S.C. § 87.

95.     Defendant Big 5 is directly infringing or inducing infringement of Ontel's Arctic Air® Ultra Design Patent by making, using, offering to sell, selling, or importing into the United States the Infringing Product, and with the intent that third parties use the Infringing Products.

96.     Upon information and belief, with knowledge of Ontel's Arctic Air® Ultra Design Patent, Defendant Big 5 willfully infringed and induced infringement of Ontel's Arctic Air® Ultra Design Patent.

97.     Examples of Defendant Big 5's infringement of the Arctic Air® Ultra Design Patent include:



| Figures of Ontel's Arctic Air® Ultra Design Patent | Defendant Big 5's Infringement |
|---|---|
| FIG. 1 of the ornamental design | |
| FIG. 2 of the ornamental design | |



| Figures of Ontel's Arctic Air® Ultra Design Patent | Defendant Big 5's Infringement |
|---|---|
| FIG. 3 of the ornamental design | |
| FIG. 4 of the ornamental design | |
| FIG. 5 of the ornamental design | |

| Figures of Ontel's Arctic Air® Ultra Design Patent | Defendant Big 5's Infringement |
|---|---|
|  FIG. 6 of the ornamental design |  |
|  FIG. 7 of the ornamental design |  |

98.     Defendant Big 5's infringement was undertaken without permission or license to use Ontel's Arctic Air® Ultra Design Patent.

99.     Ontel has been damaged as a result of Defendant Big 5's infringement as described herein.

100.     Ontel is entitled to and claims all damages allowable by law including adequate compensation for the infringement, costs, interest, attorney fees, and Defendant Big 5's profits (for which Ontel demands an equitable accounting).

101.    Ontel further seeks a declaration by the Court that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284 due to Big 5's willful infringement.

### COUNT III: PATENT INFRINGEMENT
### (Artic Air® Advanced Design Patents)

102.    Ontel incorporates all preceding paragraphs of this Complaint as if set fully forth herein.

103.    Defendant Big 5 had actual notice of Ontel's Arctic Air® Advanced Design Patent at least as early as the filing of this Original Complaint.

104.    Ontel marks its Arctic Air® Products as patented pursuant to 35 U.S.C. § 287.

105.    Defendant Big 5 is directly infringing or inducing infringement of Ontel's Arctic Air® Advanced Design Patents by making, using, offering to sell, selling, or importing into the United States the Infringing Product, and with the intent that third parties use the Infringing Product.

106.    Examples of Defendant Big 5's infringement of the Arctic Air® Advanced Design Patents include:



| Figures of Ontel's Arctic Air® Advanced Design Patents | | Defendant Big 5's Infringement |
| --- | --- | --- |
| FIG. 1 of the ornamental design | FIG. 1 of the ornamental design | |

| Figures of Ontel's Arctic Air® Advanced Design Patents | | Defendant Big 5's Infringement |
|---|---|---|
|  FIG. 2 of the ornamental design |  FIG. 2 of the ornamental design |  |
|  FIG. 3 of the ornamental design |  FIG. 3 of the ornamental design |  |
|  FIG. 4 of the ornamental design |  FIG. 4 of the ornamental design |  |



| Figures of Ontel's Arctic Air® Advanced Design Patents | | Defendant Big 5's Infringement |
|---|---|---|
| FIG. 5 of the ornamental design | FIG. 5 of the ornamental design | |
| FIG. 6 of the ornamental design | FIG. 6 of the ornamental design | |
| FIG. 7 of the ornamental design | FIG. 7 of the ornamental design | |

107.    Defendant Big 5's infringement was undertaken without permission or license to use Ontel's Arctic Air® Advanced Design Patents.

108. Ontel has been damaged as a result of Defendant Big 5's infringement as described herein.

109. Ontel is entitled to and claims all damages allowable by law including adequate compensation for the infringement, costs, interest, attorney fees, and Defendant Big 5's profits (for which Ontel demands an equitable accounting).

110. Ontel further seeks a declaration by the Court that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284 due to Big 5's willful infringement.

## COUNT IV: PATENT INFRINGEMENT
### (Arctic Air Pure Chill® Design Patents)

111. Ontel incorporates all preceding paragraphs of this Complaint as if set fully forth herein.

112. Defendant Big 5 had actual notice of Ontel's Arctic Air Pure Chill® Design Patents at least as early as the filing of this Original Complaint.

113. Ontel marks its Arctic Air® Products as patented pursuant to 35 U.S.C. § 287.

114. Defendant Big 5 is directly infringing or inducing infringement of Ontel's Arctic Air Pure Chill® Design Patents by making, using, offering to sell, selling, or importing into the United States the Infringing Product, and with the intent that third parties use the Infringing Product.

115. Examples of Defendant Big 5's infringement of the Arctic Air Pure Chill® Design Patents include:

| Figures of Ontel's Arctic Air Pure Chill® Design Patents | | Defendant Big 5's Infringement |
|---|---|---|
|  FIG. 1 of the ornamental design |  FIG. 1 of the ornamental design |  |
|  FIG. 2 of the ornamental design |  FIG. 2 of the ornamental design |  |
|  FIG. 3 of the ornamental design |  FIG. 3 of the ornamental design |  |

| Figures of Ontel's Arctic Air Pure Chill® Design Patents | | Defendant Big 5's Infringement |
|---|---|---|
|   FIG. 4 of the ornamental design |   FIG. 4 of the ornamental design |  |
|   FIG. 5 of the ornamental design |   FIG. 5 of the ornamental design |  |
|   FIG. 6 of the ornamental design |   FIG. 6 of the ornamental design |  |

| Figures of Ontel's Arctic Air Pure Chill® Design Patents | | Defendant Big 5's Infringement |
|---|---|---|
|  | | |
| FIG. 7 of the ornamental design | FIG. 7 of the ornamental design | |

116.    Defendant Big 5's infringement was undertaken without permission or license to use Ontel's Arctic Air Pure Chill® Design Patents.

117.    Ontel has been damaged as a result of Defendant Big 5's infringement as described herein.

118.    Ontel is entitled to and claims all damages allowable by law including adequate compensation for the infringement, costs, interest, attorney fees, and Defendant Big 5's profits (for which Ontel demands an equitable accounting).

119.    Ontel further seeks a declaration by the Court that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284 due to Big 5's willful infringement.

## COUNT V: COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101 *et seq.*)

120.    Ontel incorporates all preceding paragraphs of this Complaint as set fully forth herein.

121.  Ontel is the owner of the Arctic Air® Copyrights, including the corresponding certifications of registration.

122.  Examples of Defendant Big 5's infringement of Ontel's Arctic Air® Copyrights include copying the following image, which is recreated below for ease of review:

| Arctic Air® Copyrights | Big 5's Infringing Packaging |
|---|---|
|  | |

| Arctic Air® Copyrights | Big 5's Infringing Packaging |
|---|---|
|  | |

(*See* Exhibit L.)

123.    Defendant Big 5 violated Ontel's exclusive rights in the Arctic Air® Copyrights in the United States by:

a)  Reproducing Ontel's Arctic Air® Copyrighted Works, including portions thereof;

b)  Preparing derivative works based on Ontel's Arctic Air® Copyrighted Works;

c)  Distributing copies of Ontel's Arctic Air® Copyrighted Works to the public, including portions thereof; and

d)  Other acts of infringement as revealed by discovery.

124.    Defendant Big 5 improperly used Ontel's Arctic Air® Copyrighted Works by using direct copies of Ontel's Arctic Air® Copyrighted Works in connection with the manufacture and sale of Defendant's Infringing Product.

125.    Defendant Big 5's willful use of Ontel's Arctic Air® Copyrighted Works have caused actual damage to Ontel, for which Ontel has statutory and actual remedies at law.

126.    Defendant Big 5's willful use of Ontel's Arctic Air® Copyrighted Works as described above have caused and will continue to cause irreparable damage to Ontel, for which Ontel has no adequate remedy at law.

127.    Unless Defendant Big 5 is restrained by this Court from continuing its infringement of Ontel's Arctic Air® Copyrights, these injuries will continue to occur in the future.

### COUNT VI: FEDERAL TRADEMARK INFRINGEMENT
### (Lanham Act, 15 U.S.C. § 1114)

128.    Ontel incorporates all preceding paragraphs of the Complaint as if set fully forth herein.

129.    Defendant Big 5 has infringed and continues to infringe Ontel's federally registered Arctic Air Pure Chill® Mark through Big 5's advertisement and sale of the Polar Chill in a manner that is likely to cause confusion or the mistaken belief that Defendant's Polar Chill represents one of Ontel's Arctic Air® Products or that Defendant is affiliated, connected, or associated with Ontel.

130.    Upon information and belief, Defendant has and is continuing to reproduce, counterfeit, copy, and imitate the Arctic Air Pure Chill® Mark and apply such reproduction, copy and colorable imitation to the Polar Chill product and packaging purchased by consumers.

131.    Defendant Big 5 has used and continues to infringe upon Ontel's Arctic Air Pure Chill® Mark without approval, and in a manner that is likely to cause confusion, cause mistake, or to deceive consumers as to the origin of Defendant Big 5's Polar Chill or as to its affiliation, connection, or association with Ontel.

132.    Defendant Big 5 does not have permission to use Ontel's Arctic Air Pure Chill® Mark.

133.    Defendant Big 5's actions as set forth in this Complaint constitute trademark infringement in violation of Section 32 of the Lanham (Trademark) Act, 15 U.S.C. § 1114.

134.    Defendant Big 5's infringement and counterfeiting was committed with knowledge of Ontel's protection in and to its Arctic Air Pure Chill® Mark. On February 9, 2021, Defendant Big 5 received an e-mail communication from Ontel which contained the Ontel Slide Deck containing product information from Ontel containing a product description of the Arctic Air Pure Chill® product. (*See* Ex. J.) In the Ontel Slide Deck, Ontel noted its trademarks in the Arctic Air® brand and provided Big 5 with reasonable information showing that Ontel seeks federal registration of its trademarks, namely, by including trademark notices next to the products featured therein.

135.    The Ontel Slide Deck featuring  Ontel's "Top Homerun Items for Spring/Summer 2021," outlined the key facts and driving product features for the Arctic Air Pure Chill® product, including information regarding Ontel's success in the marketplace with prior evaporative air coolers and launch of a new evaporative air cooler called the Arctic Air Pure Chill®.

136.    After learning of Ontel's success with its *Pure Chill* product in the Arctic Air® Product Lines, Defendant Big 5, upon information and belief, named its competing evaporative air cooler the *Polar Chill*. Upon information and belief, Defendant Big 5 knew that its two-word product name used a confusingly similar first word "Polar," with a similar length and the same starting letter as the first word "Pure" in Ontel's two-word product name. As Ontel's product name was highlighted in the Ontel Slide Deck, Defendant Big 5, upon information and belief, knew that its two-word product name used an identical second word, "Chill" as Ontel's product name.

137.    Defendant Big 5, upon information and belief, knew that its use of a product name that was confusingly similar with an identical term as Ontel's product name would cause

confusion, mistake, or deception of consumers to believe that Big 5's Polar Chill product was affiliated, connected, or associated with Ontel's Arctic Air Pure Chill® product.

138.     Defendant Big 5, upon information and belief, knew that the imitation of Ontel's Arctic Air Pure Chill® Mark (Trademark Registration No. 6,821,890) and the blue color within each letter as depicted consistently on Ontel's Arctic Air® Products, would cause confusion, mistake, or deception of consumers that the Polar Chill was affiliated, connected, or associated with Ontel's Arctic Air Pure Chill® product.

139.     Upon information and belief, Defendant Big 5 intentionally and willfully infringed and counterfeited Ontel's Arctic Air Pure Chill® Mark.

140.     As a result of Defendant Big 5's unlawful conduct, Ontel has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Big 5's actions are enjoined by this Court.

**COUNT VII: UNFAIR COMPETITION**
**(Lanham Act, 15 U.S.C. § 1125)**

141.     Ontel incorporates herein all preceding paragraphs of this Complaint as if set fully forth herein.

142.     Defendant Big 5 is offering for sale, selling and marketing an evaporative air-cooling product that compete with Ontel's Arctic Air® Products.

143.     Defendant Big 5's use and continued use in commerce of images, words, terms, names, and misleading representations of fact in connection with Big 5's sale and promotion of Big 5's Polar Chill evaporative air-cooling product is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's product with or by Ontel.

144.   Defendant Big 5's unauthorized use in commerce of the Arctic Air® trade dress on or in connection with its evaporative air-cooling products constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

145.   Upon information and belief, Defendant Big 5 is aware that Ontel owns Ontel's intellectual property and that Big 5 is infringing Ontel's intellectual property.

146.   Defendant Big 5's actions, upon information and belief, were taken with knowledge and with the intent to cause confusion or mistake and to deceive the public as to the source, origin, sponsorship or approval of Big 5's products, particularly considering Defendant Big 5's prior knowledge of the Arctic Air® Product Lines for a potential business partnership in 2021 and previous business relationship between Ontel and Big 5 that began as early as 2008, whereby Big 5 would purchase products from Ontel for distribution to the general public via Big 5's retail and online stores.

147.   Defendant Big 5 acted with knowledge and with the intent that its actions would confuse third parties into believing they were purchasing genuine Ontel products or purchasing products associated with, or affiliated or sponsored by Ontel, or with the intent to usurp Ontel's intellectual property.

148.   Big 5, upon information and belief, willfully and in bad faith committed such acts with the intent to confuse, mislead, or deceive consumers as to the origin, source, sponsorship, or affiliation of its products and with the intent to trade off of the reputation and goodwill of Ontel. At a minimum, Big 5 should have known that its conduct was and is unlawful and that Big 5 was unfairly competing with Ontel.

149.     As a direct and proximate result of Defendant Big 5's acts of unfair competition, Ontel has suffered injury, including loss of exclusive control over its Arctic Air® trade dress and damage to the value of its reputation and goodwill.

150.     This injury to Ontel is irreparable. Defendant Big 5 continues to commit the acts described above, and unless restrained and enjoined, will continue to do so, to Ontel's further irreparable injury. Ontel's remedy at law is inadequate to compensate it for the injuries inflicted and threatened by Defendant.

### COUNT VIII: UNFAIR COMPETITION
### (Texas Common Law)

151.     Ontel incorporates all preceding paragraphs of this Complaint as if set fully forth herein.

152.     Defendant Big 5 and Ontel sell competing evaporative air-cooling products.

153.     Defendant Big 5 has engaged in trade and commerce in Texas as described above.

154.     Upon information and belief, Defendant Big 5 willfully and knowingly engaged in unfair acts or practices and unfair methods of competition, including through the bad faith and unauthorized use of the Arctic Air® trade dress.

155.     Defendant Big 5's conduct has caused, and continues to cause irreparable injury to Ontel, including to Ontel's reputation and goodwill. Ontel has no adequate remedy at law. Unless such unauthorized use is enjoined, Ontel will continue to be irreparably harmed.

156.     Defendant Big 5's conduct, upon information and belief as described above, has been willful, wanton, reckless, and in total disregard of Ontel's rights.

157.     By reason of Defendant Big 5's misconduct, Ontel has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT IX: UNJUST ENRICHMENT

158.    Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

159.    As detailed above, Ontel expended considerable time and resources in creating, developing, and maintaining Ontel's intellectual property and the goodwill associated with its Arctic Air® Product Lines. The undertaking required considerable research, time, expenses, strategic planning, and evaluation of market and economic trends, new technologies, innovations, and their impact on the personal evaporative cooling device industry.

160.    But for Defendant's misappropriation of Ontel's intellectual property, Defendant would have had to expend considerable time and expense in independent research, development, marketing, and advertising of its Polar Chill evaporative air-cooling product in order to enter the relevant market and directly compete with Ontel.

161.    Defendant has been unjustly enriched by retaining this benefit without providing Ontel any compensation. As a result of Defendant's wrongful acts, Ontel has suffered and will continue to suffer significant commercial, monetary, and reputational damages, among others.

## PRAYER FOR RELIEF

WHEREFORE, Ontel respectfully requests that this Honorable Court:

(A)    Enter judgment against Defendant finding:

(i)    Defendant has knowingly and willfully engaged in actions to interfere with and infringe Ontel's Asserted Arctic Air® Patents, including the advertising, marketing, sale, attempted sale, distribution and/or importation of the Polar Chill; and continued operation of the infringing website, and any similar sites;

(ii)     Defendant has engaged in willful and intentional copyright infringement in violation of Section 501 of the Copyright Act (17 U.S.C. § 501);

(iii)    Defendant has engaged in willful and intentional trademark infringement in violation of the Lanham Act (15 U.S.C. § 1114);

(iv)    Defendant has engaged in intentional infringement of Ontel's trade dress rights in and to the Arctic Air® Product Lines in violation of the Lanham Act (15 U.S.C. § 1125);

(v)     Defendant has engaged in willful and intentional unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125);

(vi)    Defendant has engaged in willful and intentional unfair competition in violation of Texas common law; and

(viii)   Defendant has been unjustly enriched in violation of Texas common law;

(B)    Issue a temporary restraining order and preliminary and permanent injunctions prohibiting Defendant and each of its agents, servants, employees, attorneys, and any other persons who are in active concert or participation with them from:

(i)     Engaging in further actions to interfere with Ontel's Asserted Arctic Air® Patents, including the advertising, marketing, sale, attempted sale, distribution and/or importation of the Polar Chill or similar infringing products;

(ii)     Using Ontel's Arctic Air® Copyright in connection with the offering for sale or advertising of any products; and

(iii)    Continuing to operate the infringing website, and any similar site;

(C)     Require Defendant to account for profits and hold such profits in a constructive trust for Ontel;

(D)     Award Ontel its actual damages, or in the alternative, statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504;

(E)     Award Ontel an amount equal to adequate compensation for Defendant's patent infringement, multiplied by three pursuant to 35 U.S.C. § 284;

(F)     Award Ontel the costs associated with bringing this action;

(G)     Award Ontel interest and reasonable attorneys' fees pursuant to one or more of the Copyright Act and/or Lanham Act; and

(H)     An award of any further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff Ontel Products Corporation hereby demands a trial by jury of all issues so triable.

Dated: June 26, 2023                    Respectfully submitted,

                                        By: */s/ Kristen E. Hudson*
                                        Kristen E. Hudson
                                        Texas State Bar No. 24120442
                                        Andrea L. Arndt
                                        Texas State Bar No. 24127129
                                        DICKINSON WRIGHT PLLC
                                        607 W. 3rd Street, Suite 2500
                                        Austin, Texas 78701
                                        Telephone: (512) 770-4200
                                        Facsimile: (844)670-6009
                                        KHudson@dickinson-wright.com
                                        AArndt@dickinson-wright.com

                                        John S. Artz
                                        Michigan State Bar No. P48578
                                        DICKINSON WRIGHT PLLC
                                        350 S Main St, Suite 300
                                        Ann Arbor, MI 48104
                                        Telephone: (734) 623-7075
                                        JSArtz@dickinson-wright.com

                                        *Attorneys for Plaintiff*